IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-02175

**CHRISTOPHER TUCK,**

    Plaintiff,

v.

**SHERIFF STEVEN D. NOWLIN,** in his individual capacity;
**LIEUTENANT JEFFREY COPELAND,** in his individual capacity;
**DETECTIVE JOHN HAYNES,** in his individual capacity;
**THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF MONTEZUMA**, in its official capacity,

    Defendants.

---

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES**

---

Plaintiff Christopher Tuck, by and through his attorneys Tyrone Glover and Helen Oh of TYRONE GLOVER LAW, LLC, respectfully submits his Response to Defendants' Motion for Attorneys' Fees and states in support thereof:

### INTRODUCTION AND RELEVANT PROCEDURAL HISTORY

On June 1, 2023, the Court granted Plaintiff's motion for leave to file a second amended complaint,[1] while awarding Defendants their reasonable fees incurred for their Response to the

---

[1] In relevant part, Plaintiff sought leave to amend after the deadline in the Scheduling Order after discovering new information through Plaintiff's own deposition and to cure deficiencies raised by Defendants in their Motion for Judgment on the Pleadings. Pursuant to Fed. R. Civ. P. 15 and 16, Plaintiff sought and was granted leave to file a second amended complaint to: (1) add allegations about the Farm Bill and Plaintiff's gardens being hemp and not marijuana; (2) add detail regarding Plaintiff's property to

Motion for Leave to Amend and Supplemental Brief. [*See* ECF 53.]

Defendants' response opposing Plaintiff's motion for leave to amend was ten and one-half pages (exclusive of the case caption and certificate) and argued Plaintiff did not carry his burden to grant leave to amend under Fed. R. Civ. P. Rules 15 and 16. Defendants' main proposition was Plaintiff's want of good cause under Rule 16 for lacking the diligence required to justify late amendment where the new information obtained forming a basis to amend came from Plaintiff's own deposition.

Defendants request an award of $8,069.00 in costs for their supplement and response to Plaintiff's motion for leave. [*See* ECF 57.] From Plaintiff's calculations, *see* **Ex. 1,** *Chart of Defendants' Ex. C-1*[2] Defense counsel's billing statements reflect 29.6 hours were billed related to their response to Plaintiff's motion to amend, equaling $4,333.00 in costs [*see* Defs' Ex. C-1], and 24.7 hours billed for their supplement, equaling to $3,722.00 in costs [*see* Defs' Ex. C-2], for a total of $8,055 in costs.

Plaintiff does not object to the reasonableness of defense team's billing rates or the requested costs regarding their supplement. Plaintiff objects to half of the roughly thirty hours expended by Defendants to respond to Plaintiff's motion for leave to amend as excessive and unreasonable considering the routine nature of the motion, lack of complex issues, defense

---

demonstrate his reasonable expectation of privacy; (3) briefly expound upon the drone's camera specifications; and (4) add *Monell* allegations against the County. No new claims or parties were added.

[2] Defendants' motion for fees and corresponding exhibits provided the billing breakdown and total fees requested, but did not provide hour/fee subtotals by person. Exhibit 1 was created by Plaintiff in Microsoft Excel to efficiently review and calculate the total hours and costs expended by each member of the defense team.

counsel's level of experience, and duplicate services provided. Accordingly, Plaintiff requests the Court winnow the reasonable hours, and thereby costs by 50%, for a new total of $2,166.50 reasonably expended for Defendants' response to Plaintiff's motion to amend, bringing Defendants' total reasonable costs to $5,888.50.

### NOTICE REGARDING FAILURE TO CONFER

Defendants did not confer with Plaintiff regarding its motion for fees in accordance with D.C.COLO.LCivR 7.1(a). As stated in the Court's practice standards, the Court will not consider any motion that fails to comply with D.C.Colo.LCivR7.1(a) and may strike the motion or deny it as a matter of course. Considering the select scope of fees at issue, Plaintiff takes no position on the foregoing.

### APPLICABLE LAW

A party seeking fees must demonstrate the reasonableness of fees requested. *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). "The reasonableness inquiry should be assessed by the district court "much as a senior partner in a private law firm would review the reports of subordinate attorneys when billing clients." *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983). After examining the specific tasks and whether they are properly chargeable, the district court should look at the hours expended on each task to determine if they are reasonable." *Case by Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998). The Court "must ensure that the [claimants] have exercised billing judgment," so the hours actually expended are winnowed to the hours reasonably expended. *Case by Case*, 157 F.3d at 1243.

When determining the reasonableness of hours expended, courts in this circuit consider

the following factors: "(1) whether the tasks being billed 'would normally be billed to a paying client,' (2) the number of hours spent on each task, (3) 'the complexity of the case,' (4) 'the number of reasonable strategies pursued,' (5) 'the responses necessitated by the maneuvering of the other side,' and (6) 'potential duplication of services' by multiple lawyers." *Robinson*, 160 F.3d at 1281 (quoting *Ramos*, 761 F.2d at 554). Where the number of claimed hours were unnecessary, irrelevant, and duplicative, it is within the district court's sound discretion to reduce those hours. *Carter v. Sedgwick County, Kan.*, 36 F.3d 952, 956 (10th Cir. 1994).

## ARGUMENT

I. **Defendants' 29.6 Hours Spent on its Response to Plaintiff's Motion for Leave to Amend Were Unreasonable and Should be Reduced**

   A. **Procedural History and Summary of Argument**

A claimant must make a good faith effort to exclude from their fee request "hours that are excessive, redundant, or otherwise unnecessary." *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995). Defense counsel Mr. Vaughan billed 2.6 hours to draft the timeline of proceedings and summary of argument, the latter of which was a short paragraph. *See* Defs' Ex. C-1, p. 4; *see also* Response to the Motion for Leave to Amend [ECF 52]. The timeline of proceedings contained a bulleted list of Plaintiff's proposed amendments, which was assigned to defense counsel Ms. Morrissey as indicated in Defs' Ex. C-1, who billed 1.1 hours to complete this task. As such, it should not be considered a part of the 2.6 hours spent drafting the procedural history and summary of argument. Considering Defendants' prior recitations of procedural history in other filings and the brevity of the summary of the argument, 2.6 hours expended on the foregoing was excessive and should be reduced.

### B. Lack of Good Cause and Untimeliness

Mr. Vaughan billed 1.6 hours to research the "standard for amendments under Rule 15 and Rule 16 and case applications," 1.8 hours drafting on failure to show good cause, 1.2 hours researching the issue of untimeliness, 2.9 hours drafting on untimeliness, and another 2.2 hours "drafting related to untimeliness and alternative request for relief." *See* Defs' Ex. C-1; *see also* **Ex. 1**. Thus, Mr. Vaughan spent over nine hours researching and drafting good cause and untimeliness, with about six or so hours spent on untimeliness[3] alone. This was in addition to Ms. Morrissey, who billed 2.4 hours drafting lack good cause and another 2.3 hours expanding on the same. Ms. Morrissey separately billed 1.5 hours for research regarding lack of good cause where new information was obtained through Plaintiff's own knowledge/deposition, which comprised the majority of Defendants' substantive response. Together, Mr. Vaughan and Ms. Morrisey spent 15.9 hours researching and drafting the good cause and timeliness issues, which was five pages long.

Responding to a motion for leave to amend a complaint is "routine" and "d[oes] not require complex legal analysis," whereby "the time devoted to th[is] pleading[] was excessive."

---

[3] Defendants' arguments addressing untimeliness in their response were limited to paragraphs 12, 18, and 19. *See* Defendants' Response to Plaintiff's Motion for Leave to Amend, ECF 52. Of those paragraphs, only paragraph 18 contained new legal citations and arguments. *Compare id.*, ¶ 12 (citing legal standards on untimeliness) with *McCain v. Taylor*, Civil Case No. 09-cv-02982-LTB-KLM, 2010 U.S. Dist. LEXIS 69319, at *2-3 (D. Colo. June. 17, 2010) (stating the same legal standards in the court's order and where Mr. Vaughan represented the defendant in his individual and official capacities). Considering defense counsel's level of experience and the lack of complexity of the issue, spending six hours on this issue was not reasonable and warrants a significant reduction. *See Peoria Tribe of Indians v.* Campbell, 2022 U.S. Dist. LEXIS 147349, at *16-17 (N.D. Okla. June 15, 2022) (finding excessive some of the time spent by counsel drafting and researching their reply to a motion to remand considering its overall length and complexity, warranting a 30% reduction).

*See Steffens v. Steffens*, 2000 U.S. App. LEXIS 6912, at *18-19 (10th Cir. 2000) (affirming district court's determination of excessive fees regarding defendants' response to plaintiff's filing of a second amended complaint and motions for discovery extensions); *see also Peoria Tribe of Indians*, 2022 U.S. Dist. LEXIS, at *16-17 (finding the task of opposing a discovery motion routine and should reasonably have been completed in about half the time warranting a 50% reduction in costs, for a total of 22.65 hours for a 17-page motion). This is so even assuming the issue of learned information from Plaintiff's own deposition was novel to Defendants, as it is not a complex legal issue.

In addition, with Mr. Vaughan's forty years of experience and both him and Ms. Morrissey researching and drafting the issue of good cause, their hours reasonably expended researching and drafting the lack of good cause should be reduced for duplication of services. *See Latin v. Bellio Trucking, Inc.*, 2016 WL 9725289, at *5 (D. Colo. Nov. 23, 2016) (finding some of the hours expended slightly unreasonable and excessive due to duplication and vagueness). In sum "[c]onsidering the arguments raised in the motion, the arguments raised in the response, the lack of complexity of the issue, and the experience level of counsel," Defendants' time expended responding to Plaintiff's motion for leave to amend was excessive and merits a reduction. Accordingly, the Court should find that half of Defendants' hours spent and fees incurred responding to Plaintiff's motion to amend were reasonably spent, and reduce Defendants' requested costs of $4,333 by 50%, for a total of $2,166.50 in reasonable costs regarding this motion.

## CONCLUSION

WHEREFORE, the Plaintiff hereby moves this Honorable Court to issue an order awarding Defendants $2,166.50 in reasonable costs for Defendants' response to Plaintiff's motion to amend, bringing Defendants' total reasonable costs to $5,888.50.

TYRONE GLOVER LAW, LLC

*s/ Helen Oh*
Helen Oh
Tyrone Glover
Tyrone Glover Law, LLC
2590 Walnut Street
Denver, CO 80205
303-577-1655
helen@tyroneglover.com

CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Gordon L. Vaughan
Michaela S. Morrissey
VAUGHAN & DeMURO
111 South Tejon, Suite 545
Colorado Springs, CO 80903
Telephone:  719-578-5500
gvaughan@vaughandemuro.com
mmorrissey@vaughandemuro.com

*Counsel for Defendants*

                *s/ Helen Oh*